# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00006-MR-WCM-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **ROBERT SCOTT COWART,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letters, which the Court construes as a motion to amend the Judgment in this case [Docs. 74, 75].

In December 2014, the Defendant was found guilty of violating the terms of his supervised release. He was sentenced to a term of 21 months' imprisonment, to be "run consecutively to any undischarged term of imprisonment previously or hereinafter imposed by any state or federal court." [Doc. 71 at 2].

In January 2015, while the Defendant was waiting to self-report to the Bureau of Prisons, he was arrested on new state law violations. [See Doc.

72 at 1]. According to the Defendant, he was sentenced in June 2015 to 10-12 years' imprisonment in state court for these offenses.

By the present filings, the Defendant asks the Court to amend the Judgment [Doc. 71] so as to allow his federal and state sentences to run concurrently. Alternatively, he requests to be transferred to the Bureau of Prisons in order to serve his 21-month federal sentence first. [Docs. 74, 75].

The Defendant has stated no basis on which the Court can or should amend the Judgment in this case. The Defendant pled guilty to the violation of the terms of supervised release, and he does not contend that his guilty plea was in any way unknowing or involuntary. The Defendant further did not file a direct appeal of his conviction or sentence, nor has he filed a motion to vacate his conviction under 28 U.S.C. § 2255.

As for the Defendant's alternative request to transfer to federal custody, such request must be denied. The Defendant was awaiting to self-report to federal custody at the time of his arrest on new state charges in January 2015. Once the state arrested the Defendant, the state acquired primary jurisdiction over him. Federal custody of the Defendant will not begin until after the Defendant has served his full state sentence with the State of North Carolina. See United States v. Evans, 159 F.3d 908, 912 (4th Cir.

1998). The Court is without authority to order the State to relinquish custody of the Defendant any sooner.

Finally, the Defendant's request for the appointment of counsel must be denied. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to amend the Judgment in this case [Docs. 74, 75] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 8, 2019

Martin Reidinger
United States District Judge

---

[1] The Court may, in some circumstances, appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).